UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
Tallahassee Division

KIMBERLY JOHNSON
    Plaintiff,

v.

CASE NO: 4:06cv129 RH/WCS

JURY TRIAL DEMANDED

STATE OF FLORIDA DEPARTMENT OF
ELDER AFFAIRS and TERRY WHITE,
    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KIMBERLY JOHNSON, by and through the undersigned attorneys, files this lawsuit against Defendants, STATE OF FLORIDA DEPARTMENT OF ELDER ("FDOEA") AFFAIRS and TERRY WHITE, individually. Plaintiff sues FDOEA for violations of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., the Florida Civil Rights Act of 1992 ("FCRA"), negligent hiring, negligent retention, and negligent supervision. Plaintiff sues Mr. Terry White, individually, for battery, assault and intentional infliction of emotional distress.

### Jurisdiction and Venue

1.    This Court has jurisdiction under 28 U.S.C. Sections 1331. 1343(a)(4), 1367(a), 2201 and 2202, and 42 U.S.C. Section 2000e-5(f).

2.    Venue exists in this Court, as the events giving rise to this lawsuit occurred in Leon County, Florida.

### Parties

3.    Plaintiff, KIMBERLY JOHNSON, is a resident of Liberty County, Florida.

OFFICE OF CLERK
U.S. DISTRICT CT
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

06 MAR 15 PM 4: 17

FILED

4. All actions relevant to this lawsuit occurred during Plaintiff's employment with FDOEA, which is located in Leon County.

5. FDOEA is a State Agency with the State of Florida, with its primary place of business in Tallahassee, Florida.

6. Defendant, TERRY WHITE, is believed to be a resident of Marietta, Pennsylvania. At all times relevant to this action, he was employed by FDOEA and all actions relevant to this action occurred in Leon County, Florida.

## General Allegations

7. Kimberly Johnson began her employ with DOEA in June 2003. At all relevant times, Ms. Johnson's supervisor was Eloise Williams and the Secretary of the Department was Mr. Terry White. Mr. White was the highest ranked employee in the Department. The Secretary was appointed to his position by Florida Governor, Jeb Bush.

8. Plaintiff was hired in the position of Government Operations Consultant I.

9. Upon hire by the FDOEA, Ms. Johnson was required to complete a ninety (90) day probationary period before becoming a "permanent" employee with all rights afforded to those with "permanent" status.

10. At all times relevant to this action, Defendant did not provide Plaintiff with a sexual harassment policy. Plaintiff was not advised of her right to complain of sexual harassment or of the proper persons to report said harassment.

11. Within weeks of her employ with DOEA Mr. White began to sexually harass Ms. Johnson, first referring to her as "his girl" in front of staff members. Mr. White's unlawful conduct progressed to include, but were not limited to, unwanted

touching of her breast, buttocks, kissing Ms. Johnson on the mouth and neck, exposing his penis, cornering her in his office and in other confined spaces.

12. Secretary White forced Ms. Johnson to succumb to his unlawful conduct, including assault and battery, in exchange for her remaining employed with the Department past the ninety (90) days probationary period. Mr. White further promised Ms. Johnson that he could transfer her from an "Other Personal Services" ("OPS") position to a full-time employment ("FTE") with benefits. FTE benefits include benefits such as, healthcare.

13. On at least one occasion, FDOEA Deputy Secretary, Susan Tucker, witnessed Mr. White assaulting Plaintiff in the staircase at the office. No action was taken against Mr. White. Defendant, FDOEA, did not investigate the incident and Mr. White was not disciplined.

14. Mr. White was observed making inappropriate comments in a lustful tone, to other female employees. No action was taken against Mr. White.

15. Mr. White continued to sexually harass, assault and batter Ms. Johnson, to which was known or should have been known by supervisors and other decision makers within the Department. The Department failed to take any remedial action, including, but not limited to, investigation, reassignment, or disciplinary action until several months later. In December 2004, Mr. White assaulted and battered Ms. Johnson in a hotel room during a departmental conference.

16. FDOEA finally terminated Mr. White in January 2005, but not before Ms. Johnson was caused to endure months of unlawful conduct.

17. Plaintiff has reason to believe that the Department knew or should have known of Mr. White's propensities to engage in the above-described unlawful conduct before he was hired by the Agency.

18. Plaintiff filed a timely Charge of discrimination with the Florida Commission. Plaintiff amended her charge to request dual-filing of said Charge with the EEOC.

19. As a consequence of Ms. Johnson having complained of Mr. White's unlawful conduct after the December 2004 incident, having filed a charge against DOEA and having participated in the sexual harassment investigation, Ms. Johnson has been denied promotions and other job related benefits.

20. Plaintiff has been treated less favorably then other employees who performed the same or similar work.

21. The FCRA terminated its investigation after the 180-day investigation period expired.

22. The EEOC issued a right to sue notice on January 31, 2006.

23. All conditions precedent were met before filing this action.

**COUNT I**
**Title VII Claims Against FDOEA**

24. Defendant is an "employer" as defined Title VII.

25. From approximately July of 2003 through December 2004, Defendant's then Secretary of the Department, Mr. Terry White, subjected Plaintiff to sexual harassment. Such conduct violated Title VII.

26.     Defendant further violated the Title VII by retaliating against Plaintiff for complaining of the above referenced harassment and for filing a Charge of Discrimination. Such retaliation included, refusing to promote or hire Plaintiff into other positions for which she was qualified and denying Plaintiff "full-time employee" status.

27.     As a result of Defendant's violations of Title VII, Plaintiff incurred out-of-pocket expenses, suffered humiliation, revulsion, fear, embarrassment, physical pain, suffering, upset, anxiety, difficulty sleeping, depression and inconvenience.

28.     Plaintiff timely filed a Charge with the EEOC.

29.     The EEOC issued a right to sue notice on January 31, 2006, stating there was insufficient time to investigate the charge.

30.     Plaintiff has satisfied all conditions for bringing this lawsuit pursuant to Title VII.

WHEREFORE Plaintiff requests compensatory damages for out-of-pocket expenses, suffered humiliation, revulsion, fear, embarrassment, physical pain, suffering, upset, anxiety, difficulty sleeping, depression and inconvenience; declaratory relief, any other relief this Court deems just; prejudgment interest; attorneys' fees and costs.

Plaintiff demands a jury trial.

## COUNT II
## FCRA Claims Against FDOEA

31.     Plaintiff re-alleges and incorporates by references Paragraphs 1 through 30.

32.     Defendant is an "employer" as defined by the FCRA.

33. From approximately July of 2003 through December 2004, Defendant's then Secretary of the Department, Mr. Terry White, subjected Plaintiff to sexual harassment. Such conduct violated FCRA.

34. Defendant further violated the FCRA by retaliating against Plaintiff for complaining of the above referenced harassment and for filing a Charge of Discrimination. Such retaliation included, refusing to promote or hire Plaintiff into other positions for which she was qualified and denying Plaintiff "full-time employee" status.

35. As a result of Defendant's violations of FCRA, Plaintiff incurred out-of-pocket expenses, suffered humiliation, revulsion, fear, embarrassment, physical pain, suffering, upset, anxiety, difficulty sleeping, depression and inconvenience.

36. Plaintiff timely filed a Charge with the FCRA.

37. The FCRA issued a "Notice of Dismissal" after the 180-day investigation period expired.

38. Plaintiff has satisfied all conditions for bringing this lawsuit pursuant to FCRA.

WHEREFORE Plaintiff requests compensatory damages for out-of-pocket expenses, suffered humiliation, revulsion, fear, embarrassment, physical pain, suffering, upset, anxiety, difficulty sleeping, depression and inconvenience; declaratory relief, any other relief this Court deems just; prejudgment interest; attorneys' fees and costs.

Plaintiff demands a jury trial.

## COUNT III
### Negligent Hiring Action Against FDOEA

39. Plaintiff re-alleges and incorporates by reference, Paragraphs 1 through 38.

40. Defendant, FDOEA, was required to appropriately investigate Defendant, Terry White's background and work history, but failed to do so.

41. An appropriate investigation would have revealed that Defendant, Terry White, was not suitable for employment.

42. It was unreasonable and inappropriate for FDOEA to hire Defendant, Terry White, in light of the information regarding his background and work history, which was known or should have been known.

43. Plaintiff has reason to believe that Defendant, Terry White, had a history of sexually harassing, battering and assaulting female co-workers.

44. Plaintiff has reason to believe that Defendant, FDOEA, was on notice of Defendant, Terry White's harmful propensities.

45. As an employee of FDOEA and subordinate to Defendant, Terry White, Plaintiff was within the zone of foreseeable risks created by FDOEA's employment of Mr. Terry White.

46. FDOEA's breach of its duty to Plaintiff was the proximate cause of her injuries.

47. FDOEA had a duty to keep its workplace free of tortious conduct such as, but not limited to, assault and battery.

48. Defendant, Terry White, was employed by Defendant, FDOEA as the Secretary of FDOEA, and at all times relevant to this action.

WHEREFORE Plaintiff requests compensatory damages for out-of-pocket expenses, suffered humiliation, revulsion, fear, embarrassment, physical pain, suffering, upset, anxiety, difficulty sleeping, depression and inconvenience; declaratory relief, any other relief this Court deems just; prejudgment interest; attorneys' fees and costs.

Plaintiff demands a jury trial.

## COUNT IV
### Negligent Supervision Against FDOEA

49. Plaintiff re-alleges and incorporates by reference, Paragraphs 1 through 48.

50. This is an action for negligent supervision against FDOEA

51. FDOEA was aware of Terry White's unlawful conduct complained of herein and failed to reasonably supervise Mr. White.

52. As an employee of FDOEA and subordinate to Defendant, Terry White, Plaintiff was within the zone of foreseeable risks created by FDOEA's employment of Mr. Terry White.

53. FDOEA's breach of its duty to Plaintiff was the proximate cause of her injuries.

54. FDOEA had a duty to keep its workplace free of tortious conduct such as, but not limited to, assault and battery.

WHEREFORE Plaintiff requests compensatory damages for out-of-pocket expenses, suffered humiliation, revulsion, fear, embarrassment, physical pain, suffering, upset, anxiety, difficulty sleeping, depression and inconvenience; declaratory relief, any other relief this Court deems just; prejudgment interest; attorneys' fees and costs.

Plaintiff demands a jury trial.

## COUNT V
### Negligent Retention Against FDOEA

55. Plaintiff re-alleges and incorporates by reference, Paragraphs 1 through 54.

56. This is an action for negligent retention against FDOEA

57. FDOEA was aware of Terry White's unlawful conduct complained of herein, and despite said knowledge, FDOEA retained Mr. White as an employee thus allowing him to continue to harass, batter and assault Plaintiff.

58. As an employee of FDOEA and subordinate to Defendant, Terry White, Plaintiff was within the zone of foreseeable risks created by FDOEA's employment of Mr. Terry White.

59. FDOEA's breach of its duty to Plaintiff was the proximate cause of her injuries.

60. FDOEA had a duty to keep its workplace free of tortious conduct such as, but not limited to, assault and battery.

WHEREFORE Plaintiff requests compensatory damages for out-of-pocket expenses, suffered humiliation, revulsion, fear, embarrassment, physical pain, suffering, upset, anxiety, difficulty sleeping, depression and inconvenience; declaratory relief, any other relief this Court deems just; and prejudgment interest.

Plaintiff demands a jury trial.

## COUNT VI
### Battery Action Against Mr. Terry White

61. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 60.

9

62. This is an action for battery against Mr. Terry White.

63. Mr. White's offensive, harmful, and unlawful touching of Plaintiff as complained of herein, was unwanted.

64. Defendant's touching of Plaintiff was unwanted

65. Defendant had intention to cause contact or apprehension that said contact was imminent.

66. Plaintiff suffered injury as a result of Defendant's tortious actions.

WHEREFORE Plaintiff requests compensatory damages for out-of-pocket expenses, suffered humiliation, revulsion, fear, embarrassment, physical pain, suffering, upset, anxiety, difficulty sleeping, depression and inconvenience; declaratory relief, any other relief this Court deems just; and prejudgment interest.

Plaintiff demands a jury trial.

## COUNT VII
### Assault Action Against Mr. Terry White

67. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 66.

68. Defendant intentionally acted to unlawfully acted to cause Plaintiff apprehension of an imminent harmful or offensive contact.

69. Defendant's acts were coupled with the then present ability to effectuate said harm.

WHEREFORE Plaintiff requests compensatory damages for out-of-pocket expenses, suffered humiliation, revulsion, fear, embarrassment, physical pain, suffering, upset, anxiety, difficulty sleeping, depression and inconvenience; declaratory relief, any other relief this Court deems just; prejudgment interest.

Plaintiff demands a jury trial.

## COUNT VIII
## Intentional Infliction of Emotional Distress Action
## Against Mr. Terry White

70. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 69.

80. Mr. Whites conduct as described herein, which included, but is not limited to, assaulting, battering, and sexually harassing Plaintiff were done willfully, maliciously, and intentionally to cause emotional distress upon Plaintiff. Mr. White's acts were done in reckless disregard for the probability that his actions would cause Plaintiff emotional distress.

81. Mr. White's conduct was outrageous.

82. Mr. White's conduct was the direct and proximate cause of Plaintiff's emotional distress and said emotional distress was severe. Plaintiff has suffered severe emotional and mental suffering, fright, shock and anxiety.

WHEREFORE Plaintiff requests compensatory damages for out-of-pocket expenses, suffered humiliation, revulsion, fear, embarrassment, physical pain, suffering, upset, anxiety, difficulty sleeping, depression and inconvenience; declaratory relief, punitive damages, and any other relief this Court deems just; prejudgment interest.

ANTHONY CAMMARATA
Florida Bar Number 767492
de Beaubien, Knight, Simmons,
 Mantzaris & Neal, L.L.P.
332 North Magnolia Avenue
Post Office Box 87
Orlando, Florida 32802-0087
Telephone: (407) 992-3547
Facsimile: (407) 992-3685
Attorneys for Plaintiff

11

*[signature]*

LINDSAY N. OYEWALE
Florida Bar Number 269610
de Beaubien, Knight, Simmons,
 Mantzaris & Neal, L.L.P.
332 North Magnolia Avenue
Post Office Box 87
Orlando, Florida 32802-0087
Telephone: (407) 992-3547
Facsimile: (407) 992-3685
Attorneys for Plaintiff

### Declaration of Plaintiff

I declare under penalties of perjury that the allegations contained therein are true and correct to the best of my knowledge, belief, and recollection.

*[signature]*

KIMBERLY JOHNSON

DATED: 3/13/06
STATE OF FLORIDA
COUNTY OF     LEON

Sworn to (or affirmed) and subscribed before me this 13th day of March 2006, by KIMBERLY JOHNSON.

*[signature]* Linda F. Jackson
Signature of Notary Public - State of Florida

Linda F. Jackson
Print, type or stamp commissioned name of Notary Public
Personally known to me ✓ OR Produced Identification _____

_____
Type of Identification Produced



Linda F Jackson
My Commission DD361240
Expires October 10, 2008