IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**KIMBERLY JOHNSON,**

    Plaintiff,

vs.                              Case No. 4:06cv129-RH/WCS

**STATE OF FLORIDA,
DEPARTMENT OF ELDER[1] AFFAIRS
and TERRY WHITE, individually,**

    Defendants.

                                                /

## O R D E R

      Defendant Department of Elder Affairs has filed a motion for sanctions. Doc. 48. Plaintiff has responded. Doc. 52. Defendant has filed a supplemental motion for sanctions. Doc. 63. A hearing was held today on the motions. At the end of the hearing, I denied the motions and stated my reasons. Those reasons will not be repeated here. However, the motions and the hearing revealed that additional

---

[1] The name of this Defendant is the Department of "Elderly" Affairs in FLA. STAT. § 20.41, the statute creating the Department. However, the parties refer to it as the Department of Elder Affairs, and that name will remain in this litigation absent a motion by a party for correction.

procedures must be in place so that there will be no further misunderstandings about my order of September 7, 2006. Doc. 31, docketed again as doc. 33. This order confirms those new procedures.

Accordingly, it is **ORDERED** that:

1. The stay of interviews is **VACATED**.

2. Defendant's motions for sanctions, docs. 48 and 63 are **DENIED**.

3. In addition to the procedures set forth in the order of September 7, 2006, the following procedures shall be followed by Plaintiff and her counsel:

   a. Neither Plaintiff nor Juanita Webb shall communicate with potential witnesses on behalf of her attorney in an attempt to arrange interviews. Communications with prospective witnesses shall be by Plaintiff's attorney or by Plaintiff's attorney's agents.

   b. As to former or current employees, *immediately* after explaining the purpose of the requested interview, the prospective witness shall be informed that he or she is completely free to choose to either be interviewed or to decline to be interviewed. The explanation shall be in those words. Counsel shall then ask the witness whether he or she consents to an interview. If the witness consents to be interviewed, the witness shall sign a statement acknowledging that he or she has been advised of the right to decline to be interviewed and has elected to be interviewed. If the witness declines to be interviewed, *no further interview shall take place*. A witness has declined to be interviewed if the witness states that he or she would rather not, does not wish to, declines to be interviewed, feels as though it would not be a good idea, or uses any negative words of like import.

      c.  Plaintiff's counsel shall not mention the court's order permitting interviews to take place, but if the prospective witness asks about that order during the interview, may respond to questions by the witness about that order by accurately setting forth the contents of the order and showing the order to the witness.

**DONE AND ORDERED** on October 10, 2006.

                                  <u>s/   William C. Sherrill, Jr.</u>
                                  **WILLIAM C. SHERRILL, JR.**
                                  **UNITED STATES MAGISTRATE JUDGE**