IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**KIMBERLY JOHNSON,**

    Plaintiff,

vs.                              Case No. 4:06cv129-RH/WCS

**STATE OF FLORIDA,
DEPARTMENT OF ELDER AFFAIRS
and TERRY WHITE, individually,**

    Defendants.

_____/

**O R D E R**

    Raquel A. Rodriguez, General Counsel for the Executive Office of the Governor of Florida, has filed a motion for leave to file a reply to Plaintiff's response to her earlier motion to quash the subpoena duces tecum and for a protective order.  Doc. 64.  Plaintiff objects to the motion for leave to file a reply.  Doc. 67.

    In my haste to adjudicate the motion to quash yesterday, I failed to note that this motion for leave to file a reply had been filed.  It will be granted.  There is no need to grant leave to Plaintiff to respond as the reply adds nothing new that I have not already considered.

The premise of the first argument in this reply is that a jury should find that the termination of former Secretary White is, on its face, an adequate remedial action sufficient to sustain the Ninth Affirmative defense without knowing anything about the scope and substantive results of Ms. Rodriguez's investigation.  I fully considered this potential argument in my last order, though I did not write at length about it.  The argument neglects the possibility that the investigation uncovered institutional deficiencies regarding the alleged sexual harassment, other than the tenure of the person alleged to have committed the sexual harassment, which should have been remedied but were not.  For example, assuming for the moment that Plaintiff's allegations are true, there may have been others who have remained employed who aided in the sexual harassment of Plaintiff, or were notified of the allegations of White's sexual harassment and failed to take action, or sought to repress complaints by retaliatory acts.   Also, at issue are remedies specific to Plaintiff.  The termination of former Secretary White may not have been a sufficient remedy for Plaintiff, and the insufficiency may be revealed by the scope, thoroughness, and findings of the investigation.

The second point of the reply is one that I have agreed with.  Work product does exist here.

Finally, there is the issue of the rank of Ms. Rodriguez.  As I previously wrote, a deposition of the Governor's General Counsel should not be routinely permitted, and indeed, it should be rarely permitted.  Here, however, there is no other potential witness having the same detailed information concerning the investigation as Ms. Rodriguez.

Accordingly, it is **ORDERED** that:

1. The motion for leave to file a reply is **GRANTED**.

2. I find no basis for reconsideration of my last order, doc. 68.

**DONE AND ORDERED** on October 12, 2006.

                                        **s/   William C. Sherrill, Jr.**
                                        **WILLIAM C. SHERRILL, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**