IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**KIMBERLY JOHNSON,**

    Plaintiff,

vs.                                  Case No. 4:06cv129-RH/WCS

**STATE OF FLORIDA,**
**DEPARTMENT OF ELDER AFFAIRS**
**and TERRY WHITE, individually,**

    Defendants.

                                      /

## O R D E R

Plaintiff has filed a motion to compel Drew Harris, who works for Defendant Department of Elder Affairs as an Enterprise Support Manager, to answer questions in a deposition.  Doc. 62.  Defendants have not filed a response and the time for filing a response has expired.  Doc. 70.  Since the discovery period ends soon, I must adjudicate this motion immediately.

The questions at issue were certified and are found on pages 24 and 40 of the deposition.  Doc. 62-2, p. 3 (pagination from the electronic docket).  Harris supervises seven employees.  Doc. 62-3, p. 3.  Harris attended a birthday party for Martha Pratt

and Defendant White was present.  Doc. 62-4, p. 1.  Harris answered questions about what he saw during the party.  Doc. 62-4, p. 1.  On the following workday, Harris's supervisor, Maureen Olson, asked him whether White was at the party.  *Id.*, p. 2.  Harris also said that Barbara Crosier (General Counsel for the Department) asked Harris about whether White attended the party and apparently also asked about "some of the details afterwards."  *Id.*, p. 3.  Harris was asked to state "what was the conversation regarding Mr. White with Ms. Crosier," and counsel for the Department asserted the attorney-client privilege.  Doc. 62-6, p. 1.  Counsel said that he did not know what the conversation entailed, but it might have been privileged since Harris is a supervisor.  *Id*.

The second question that has been certified is that after White had been "relieved" of his duties, Harris met with Crosier "once or twice" regarding White.  Doc. 62-7, p. 1.  When asked to relate the conversation, counsel for the Department objected and instructed Harris not to answer.  *Id*.  It is assumed from the context that an attorney-client privilege was being asserted.

Defendant must demonstrate an attorney client privilege pursuant to well-established law:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [the] member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

In re Grand Jury Proceedings 88-9(MIA), 899 F.2d 1039, 1042 (11th Cir.1990) (*quoting* United States v. Jones, 517 F.2d 666, 670 (5th Cir.1975)).  The record of the deposition

does not, on its face, establish any attorney-client privilege.  By failing to file a response to the motion to compel, Defendant has waived any attorney client privilege that may have existed.

Accordingly, it is **ORDERED** that Plaintiff's motion to compel Drew Harris to answer the two certified questions, doc. 62, is **GRANTED**.  Plaintiff may schedule the continuation of the deposition of Harris and Harris must answer the two questions certified.

**DONE AND ORDERED** on October 17, 2006.

> s/   William C. Sherrill, Jr.
> **WILLIAM C. SHERRILL, JR.**
> **UNITED STATES MAGISTRATE JUDGE**